UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALLEN MILOVICH,

        Plaintiff,

   v.

PACIFICORP, a Corporation,
PACIFIC POWER & LIGHT COMPANY,
a Corporation, JOHN HURD,
individually and as an
employee of PACIFICORP, and
DOES 1 through 30.

        Defendants.

2:05-CV-1448-MCE-DAD

MEMORANDUM AND ORDER

Through the present motion PacifiCorp[1] moves to dismiss its employee John Hurd ("Hurd") from this action due to Plaintiff Allen Milovich's ("Milovich") failure to effect timely service of process. For the reasons set forth below, PacifiCorp's motion is granted.[2]

---

[1] PacifiCorp does business as "Pacific Power & Light Company" however Pacific Power and Light Company is not a legal entity nor was it Plaintiff's employer.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal.
(continued...)

1

**BACKGROUND**

This action arose during Plaintiff's employment with PacifiCorp.  Plaintiff worked as an estimator for PacifiCorp. During the course of his employment, Plaintiff alleges, *inter alia*, he suffered discriminatory treatment as the result of his mental disability in violation of California's Fair Employment and Housing Act ("FEHA").  In addition, Plaintiff contends he was terminated in violation of the collective bargaining agreement between his union and PacifiCorp.

On June 9, 2005, Plaintiff filed a claim in the Siskiyou superior court.  PacifiCorp removed the action to this Court on July 18, 2005.  Plaintiff timely served process on all Defendants to this action except Hurd.  PacifiCorp is now moving this Court to dismiss Hurd for lack of timely service.

**STANDARD**

Pursuant to Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint.  In the event a plaintiff fails to timely serve process, the court shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.  Fed. R. Civ. P. 4(m).

---

[2](...continued)
Local Rule 78-230(h).

1 If the plaintiff, however, shows good cause for the failure, the
2 court shall extend the time for an appropriate period. *Id.*
3     Rule 4(m) contains both a mandatory and a discretionary
4 component. If a plaintiff shows good cause for the defective
5 service, the district court must extend the time period for
6 service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).
7 At a minimum, "good cause" means excusable neglect. *Boudette v.*
8 *Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). With respect to the
9 discretionary component of the rule, the district court has
10 discretion to grant an extension even absent good cause. *Mann v.*
11 *Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

**ANALYSIS**

15     The Complaint in this case was filed on June 9, 2005.
16 Accordingly, the deadline to serve Hurd passed on October 7,
17 2005. However, service was not effected until March 2006, six
18 months beyond the deadline. Milovich argues that he attempted to
19 serve Hurd on at least two occasions at Hurd's place of
20 employment, PacifiCorp. PacifiCorp refused to accept service for
21 Hurd stating only that Hurd was on disability leave. PacifiCorp
22 correctly replies that it was not required to accept service on
23 behalf of Hurd and that Milovich made no attempt to serve Hurd at
24 any place other than PacifiCorp until the present Motion to
25 Dismiss was filed with this Court.
26     Pursuant to Hurd's declaration, he has been absent from
27 PacifiCorp since August 2004, due to a disability. Hurd Decl.
28 1:24-25.

In addition, Hurd declared that he has resided at the same address for approximately six years. *Id.* at 2:3-4.  Hurd further declared that Milovich has visited Hurd's address on several occasions. *Id.* at 2:8.

In order to show good cause, Milovich must allege at a minimum excusable neglect for failing to timely serve Hurd. *Boudette*, 923 F.2d at 756.  Milovich offers no excuse for his failure to serve Hurd except that PacifiCorp could have accepted service on behalf of its employee Hurd but refused to do so.  The Court finds that Milovich has not met his burden of showing excusable neglect in failing to timely serve Hurd.

As noted above, the Court may exercise its discretion to grant an extension even absent good cause. *Mann*, 324 F.3d at 1090.  The Court may consider the following in its consideration: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987).  There is no evidence in the record that Hurd had actual notice of this lawsuit.  In addition, there is no evidence that Milovich would be severely prejudiced were this Court to dismiss Hurd.  While it is true that Milovich would likely suffer some inconvenience by dismissing Hurd, there is no evidence he would suffer any prejudice.  Accordingly, the Court orders dismissal as to Defendant Hurd without prejudice.

///
///
///

4

**CONCLUSION**

For the reasons set forth above, the Court dismisses John Hurd from this action without prejudice.

IT IS SO ORDERED.

DATED: March 27, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE